[Cite as *Copeland v. Ohio Dept. of Transp.*, 2010-Ohio-6640.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

MARK COPELAND

     Plaintiff

     v.

OHIO DEPARTMENT OF TRANSPORTATION

     Defendant

     Case No. 2010-03631-AD

Clerk Miles C. Durfey

MEMORANDUM DECISION

{¶ 1} Plaintiff, Mark Copeland, filed this action against defendant, Department of Transportation (ODOT), contending that his automobile tire and rim were damaged as a proximate cause of negligence on the part of ODOT in maintaining a hazardous condition on Interstate 70 West in Franklin County. In his complaint, plaintiff offered a written description of his damage incident noting that, "I was driving west bound on Interstate 70 in the far left lane and as I was changing lanes into the middle lane I hit a large pothole in the middle lane about 3/4 of a mile from the Rome Hilliard Exit." Plaintiff recalled that the damage incident occurred on February 14, 2010 at approximately 9:30 p.m. Plaintiff requested damage recovery in the amount of $322.39, the total cost of replacement parts. The $25.00 filing fee was paid and plaintiff seeks reimbursement of that cost along with his damage claim.

{¶ 2} Defendant denied liability based on the contention that no ODOT personnel had any knowledge of the particular damage-causing pothole prior to plaintiff's February 14, 2010 described occurrence. Defendant located the particular pothole "at county milepost 5.27 or state milepost 91.30 in Franklin County." Defendant

explained that ODOT records show no reports of a pothole at the location indicated were recorded prior to plaintiff's damage event. Defendant related that ODOT received four complaints of potholes on Interstate 70 (on February 3, 2010, February 7, 2010, February 10, 2010 and February 11, 2010) "but none of them were in the same location as plaintiff's." Defendant noted that the particular section of roadway, "has an average daily traffic count between 76,070 to 97,520 vehicles," yet no prior complaints were received regarding a pothole at milepost 91.30 on Interstate 70. Defendant suggested that, "it is more likely than not that the pothole existed in that location for only a relatively short amount of time before plaintiff's incident." Defendant asserted that plaintiff failed to offer any evidence to prove his property damage was attributable to ODOT personnel. Defendant contended that plaintiff failed to prove his property damage was proximately caused by negligent maintenance on the part of ODOT. Defendant explained that the ODOT "Franklin County Manager conducts roadway inspections on all state roadways within the county on a routine basis, at least one to two times a month." Apparently no potholes were discovered at milepost 91.30 on Interstate 70 the last time that section of roadway was inspected before February 14, 2010. Defendant's maintenance records show "that one (1) pothole patching operation was conducted in the general vicinity of plaintiff's incident" during the six-month period prior to February 14, 2010. The maintenance records (copy submitted) indicates that ODOT crews patched potholes in the area including milepost 91.30 on January 14, 2010. Defendant contended that plaintiff failed to produce evidence to establish the length of time the particular pothole existed prior to 9:30 p.m. on February 14, 2010. Defendant stated that, "if ODOT personnel had detected any defects they would have been promptly scheduled for repair."

{¶ 3} To prevail on a claim of negligence, plaintiff must prove, by a preponderance of the evidence, that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the

case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed.

{¶ 4} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

{¶ 5} In order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice, but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. There is no evidence that defendant had actual notice of the pothole on Interstate 70 prior to February 14, 2010.

{¶ 6} Therefore, to find liability, plaintiff must prove that ODOT had constructive notice of the defect. The trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time that the defective condition developed. *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458.

{¶ 7} In order for there to be constructive notice, plaintiff must show that sufficient time has elapsed after the dangerous condition appears, so that under the circumstances defendant should have acquired knowledge of its existence. *Guiher v. Dept. of Transportation* (1978), 78-0126-AD . Size of the defect is insufficient to show notice or duration of existence. *O'Neil v. Department of Transportation* (1988), 61 Ohio Misc. 2d 287, 587 N.E. 2d 891. "A finding of constructive notice is a determination the court must make on the facts of each case not simply by applying a pre-set time standard for the discovery of certain road hazards." *Bussard*, at 4. "Obviously, the requisite length of time sufficient to constitute constructive notice varies with each specific situation." *Danko v. Ohio Dept. of Transp.* (Feb. 4, 1993), Franklin App. 92AP-

1183. No evidence has shown that ODOT had constructive notice of the pothole.

{¶ 8} Generally, in order to recover in a suit involving damage proximately caused by roadway conditions including potholes, plaintiff must prove that either: 1) defendant had actual or constructive notice of the pothole and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general sense, maintains its highways negligently. *Denis v. Department of Transportation* (1976), 75-0287-AD. The fact that defendant's "Maintenance History" reflects pothole repairs were made in the vicinity of plaintiff's incident during January 2010 does not prove negligent maintenance of the roadway on the part of ODOT. Plaintiff has not produced any evidence to infer that defendant, in a general sense, maintains its highways negligently or that defendant's acts caused the defective condition. *Herlihy v. Ohio Department of Transportation* (1999), 99-07011-AD. Therefore, defendant is not liable for any damage that plaintiff may have suffered from the pothole.

{¶ 9} In the instant claim, plaintiff has failed to introduce evidence sufficient to prove that defendant maintain a known hazardous roadway condition. Plaintiff failed to prove that his property damage was connected to any conduct under the control of defendant, that defendant was negligent in maintaining the roadway area, or that there was any actionable negligence on the part of defendant. *Taylor v. Transportation Dept.* (1998), 97-10898-AD; *Weininger v. Department of Transportation* (1999), 99-10909-AD; *Witherell v. Ohio Dept. of Transportation* (2000), 2000-04758-AD. Consequently, plaintiff's claim is denied.

Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

MARK COPELAND

Plaintiff

v.

OHIO DEPARTMENT OF TRANSPORTATION

Defendant

Case No. 2010-03631-AD

Clerk Miles C. Durfey

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
MILES C. DURFEY
Clerk

Entry cc:

Mark Copeland
156 Ballman Road
Reynoldsburg, Ohio  43068

Jolene M. Molitoris, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio  43223

RDK/laa
8/4
Filed 10/15/10
Sent to S.C. reporter 2/2/11